UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PBM PHARMACIES, INC.,<br>       Plaintiff,<br><br>   vs.<br><br>STANDARD MANAGEMENT<br>CORPORATION, and HOME MED<br>CHANNEL, INC.,<br>       Defendants. | )<br>)<br>)<br>)<br>)   1:07-cv-1445-LJM-JMS<br>)<br>)<br>)<br>)<br>) |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, PBM Pharmacies, Inc. ("PBM"), filed this action against Defendants, Standard Management Corporation ("SMC") and Home Med Channel, Inc. ("HMC"), for breach of a promissory note (the "Note") dated December 13, 2002. This matter comes before the Court on PBM's Motion for Summary Judgment. For the reasons stated herein, the Court **GRANTS** PBM's Motion for Summary Judgment.

## I. BACKGROUND

On or about December 13, 2002, SMC and HMC entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") with PBC. Thuna Aff. ¶ 2. The Asset Purchase Agreement stated that the consideration paid by SMC and HMC for the purchase of assets from PBM consisted of (a) the Note in the amount of $500,000.00 and (b) 250,000 restricted shares of SMC. *Id.* ¶ 3. Also on December 13, 2002, SMC and HMC executed the Note, which was signed by Ronald D. Hunter ("Hunter") as Chairman and Chief Executive Officer of SMC and HMC and was attested by Stephen M. Coons ("Coons") as Secretary of SMC and HMC. *Id.* ¶ 4. The Note held SMC and HMC jointly

and severally obligated to make certain term payments to PBM. *Id.* ¶ 5. The Note is expressly governed by Indiana law. *Id.* ¶ 12.

The issue giving rise to this breach of contract claim occurred after SMC and HMC failed to make its scheduled December 13, 2006, payment to PBM in the amount of $186,667.00 within the thirty-day grace period allowed for by the Note. *Id.* ¶ 7. On February 16, 2007, an attorney for PBM, James Boyle ("Boyle"), sent a demand letter to SMC and HMC stating that by failing to make the December 13, 2006, payments, SMC and HMC were in default of the Note. Boyle Aff. ¶ 2; Thuna Aff. ¶ 8. In this letter, PBM demanded all payments due pursuant to the Note, including all principal, unpaid interest, accrued interest, late charges and expenses due and owing under the Note. *Id.* Despite this demand letter, neither SMC nor HMC has made any of the requested payments to PBM. *Id.* ¶ 9. SMC and HMC have retained all value of the assets purchased from PBM even though SMC and HMC have not fully paid PBM for those assets. *Id.* ¶ 13.

The Note provides for (a) a default interest rate of 18% per annum, (b) PBM's recovery of late fees in an amount equal to 5% of the late payment upon default by SMC and HMC, and (c) PBM's recovery of attorneys' fees and expenses incurred in enforcing, defending or concerning the Note. *Id.* ¶ 10, 11.

PBM requests a judgment award of $458,038.95, consisting of unpaid principal of $333,334.00; unpaid and accrued interest of $115,371.60; and unpaid late charges of $9,333.35. Pl.'s Req. ¶ 14. PBM also requests attorneys' fees and costs incurred to the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson in the amount of $10,147.70 and to the law firm of Leeuw Oberlies & Campbell, P.C., in the amount of $2,793.000. *Id.* ¶ 15. In sum, PBM requests $470,979.65, plus post-judgment interest and costs. *Id.* ¶ 16.

## II. SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party

has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III.  DISCUSSION

To succeed in a breach of contract action under Indiana law, PBM must prove "the existence of a contract; the defendant's breach of that agreement and damages." *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1048 (Ind. Ct. App. 2003). SMC and HMC do not challenge the existence of the Note, and in fact state that the Note speaks for itself. Def's Ans. ¶ 1.

The Note expressly addresses the issues of breach and damages under the headings "Default: Late Charge; Default Interest; Acceleration" and "Holder's Expenses." Pl. Ex. A. As a result, the determination of breach and damages is dictated by the Note. "When the terms of a contract are

clear and unambiguous, those terms are conclusive, and the [C]ourt will not construe the contract or look at extrinsic evidence but rather will simply apply the contract provisions." *Forty-One Assoc., L.L.C. v. Bluefield Assoc., L.P.*, 809 N.E.2d 422, 427 (Ind. Ct. App. 2004) (citing *Stout v. Kokomo Manor Apartments*, 677 N.E.2d 1060, 1064 (Ind. Ct. App. 1997)).

The Note provides in relevant part:

> 1. <u>Default: Late Charge; Default Interest; Acceleration</u>.  In the event any payment of principal and Interest due hereunder is not made within thirty (30) days of the date hereof, including without limitation, the Maturity Date, such nonpayment a "Default," Borrower shall pay to Holder a late charge in an amount equal to five percent (5%) of the late payment (the "Late Charge").  If the Company fails to make any payment on the Note when due or within any applicable grace period, whether or not on account of a Payment Blockage, such failure shall consitute a Default and Holder, at Holder's option, may accelerate the maturity of this Note.  Upon Default, all amounts then unpaid under this note, including, without limitation, principal, Interest, Late Charges, and Holder's Expenses (as defined below) shall bear interest from the date of Default until such default is cured at a default rate equal to eighteen percent (18%) (the "Default Rate") and shall be immediately due and payable. Holder's delay or failure to exercise any of Holder's remedies hereunder or acceptance of any payment hereunder that is less than payment of all amounts then due and payable shall not constitute a waiver of the right to exercise its remedies at any time thereafter or in the event of any subsequent default.
>
> \* \* \*
>
> 6. <u>Holder's Expenses</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, whether or not any suit, proceeding, be commenced, Company shall pay all reasonable attorneys fees and expenses incurred in enforcing, defending, or concerning the Note (including, without limitation, attorneys fees and expenses incurred in connection with a 'workout,' a[n] 'Insolvency Proceeding' shall mean any proceeding commenced by or against company under any provision of the United States Bankruptcy Code or under any other bankruptcy or insolvency law, including assignments for the benefit of creditors, formal or informal moratoria, compositions, extensions generally with its creditors, or proceedings seeking reorganization, arrangement, or other similar relief[)].

Pl.'s Ex. A.

SMC and HMC admitted that they failed to make the December 13, 2006, payment to PBM, within the grace period and thereby breached the contract. Pl.'s Compl. ¶ 15; Def's Ans. ¶ 15. Additionally, PBM has calculated its damages pursuant to the Note, and SMC and HMC have presented no evidence to challenge the calculated damages. Def.s' Resp. at 1. For these reasons, PBM is entitled to summary judgment on its breach of contract claim against SMC and HMC in the total amount of $470,979.65, plus post judgment interest and costs.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's, PBM Pharmacies, Inc., Motion for Summary Judgment is **GRANTED**. Judgment shall enter accordingly.

IT IS SO ORDERED this 5th day of June, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

James D. Boyle
SANTORO DRIGGS WALCH KEARNEY HOLLEY
    & THOMPSON
jboyle@nevadafirm.com

John M. Mead
LEEUW OBERLIES & CAMPBELL PC
jmead@indylegal.net

Kelley Jo Johnson
COHEN & MALAD LLP
kjohnson@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com